ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

S. WAQAR HASIB (CABN 234818)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-7071
  FAX: (415) 436-7234
  Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO.** 23-CR-315-EMC |
| Plaintiff, | **JOINT SENTENCING MEMORANDUM AND MOTION FOR EXPEDITED CHANGE OF PLEA AND SENTENCING** |
| v. | |
| FRANKLIN DANIEL HERNANDEZ-CRUZ, | Date:  October 5, 2023 |
| Defendant. | Time:  9:00 A.M. |
| | Court: Hon. Edward M. Chen |

## I.    OVERVIEW

The United States and the defendant, Franklin Daniel Hernandez-Cruz, jointly request that the Court accept a proposed plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and sentence the defendant immediately after he enters a guilty plea on October 5, 2023.  This case is part of the United States Attorney's Office's efforts to disrupt the fentanyl and methamphetamine open-air drug market that exists in San Francisco's Tenderloin District (the Tenderloin) through a combination of enforcement and dispositions that prevent drug traffickers from returning to the Tenderloin.  These efforts will occasionally take the form, as here, of prosecution of street-level dealing where the defendant has limited criminal history, leading the United States to seek expedited prosecution, obtain a

1   federal conviction, and enforce a strict three-year stay-away order that immediately excludes convicted

2   drug traffickers from returning to the Tenderloin and thus dissuades them from engaging in further drug

3   trafficking.  The United States and the defendant believe that a below-Guidelines sentence—accounting

4   for the time served in this expedited prosecution—alongside this geographical restriction meet the

5   statutory requirements of Section 3553(a).

6   ## II.      MOTION FOR JOINT CHANGE OF PLEA AND SENTENCING

7          To advance the goal of this accelerated disposition, the parties jointly move the Court to proceed

8   to sentencing without a presentence investigation report during the same hearing as the defendant's

9   change of plea, or as shortly thereafter as is practicable.  This will achieve the expedited proceeding

10  desired by both parties.  The Court may sentence without a presentence investigation report if it "finds

11  that the information in the record enables it to meaningfully exercise its sentencing authority under 18

12  U.S.C. § 3553" and "explains its finding on the record."  Fed. R. Crim. Proc. 32(c)(1)(A)(ii); *see also*

13  Fed. R. Crim. P. 32(b)(1), U.S.S.G. §6A1.1, Crim. Local Rule 32-1(b).  The parties respectfully submit

14  that the record here—the Criminal Complaint, the Plea Agreement, and this joint sentencing

15  memorandum, all detailing the defendant's offense conduct and other factors relevant under § 3553—

16  enable the Court to meaningfully exercise its sentencing authority under § 3553 and proceed to

17  sentencing without the need for a presentence investigation report.  The parties request that the Court

18  explain its findings and the sufficiency of the record at time of sentence.

19  ## III.     APPLICABLE GUIDELINES RANGE AND CRIMINAL HISTORY CATEGORY

20         The parties agree that the Sentencing Guidelines should be calculated as follows:

21     a.      Base Offense Level, U.S.S.G. §2D1.1(a)(5), (c)(7):                                    14
               Defendant possessed between 6 and 8 grams of fentanyl
22

23     b.      Acceptance of Responsibility, U.S.S.G. §3E1.1:                                       - 3

24     c.      Adjusted Offense Level:                                                               11

25         The parties agree that the defendant is in Criminal History Category III (5 points).[1]

26

27         [1] The parties are relying on criminal history reports for the defendant available through various
    criminal records databases.  Those reports reflect that the defendant has prior state convictions in
28  Denver, Colorado for low-level narcotics offenses in 2013 and 2015, and a state conviction in 2020 in
    San Francisco, California for being an accessory.

JOINT SENTENCING MEMORANDUM                      2
23-CR-315-EMC

1    An Adjusted Offense Level of 11 and a Criminal History Category of III results in a Guidelines

2  range of 12 to 18 months.

3    The government also seeks a three-year term of supervised release (as required by statute) and

4  imposition of the $100 mandatory special assessment.

5                      **IV.    SENTENCING RECOMMENDATION**

6    Consistent with the Plea Agreement in this case, the parties jointly request a sentence of time

7  served and a three-year term of supervised release that includes a special condition that the defendant

8  may not re-enter the Tenderloin during the period of supervised release.  This stay-away condition is a

9  critical component of the plea bargain because it prevents the defendant from returning to the

10  Tenderloin, from where the defendant's conviction for drug trafficking arises.

11    **A.    Section 3553 Factors**

12        1. ***Nature and circumstances of the offense and history and characteristics of the***
13           ***defendant***

14    The defendant is a 29-year-old male born in Honduras.  The government submits that according

15  to the Department of Homeland Security, the defendant lacks immigration status and is removable under

16  U.S. immigration law.  There is an immigration detainer in place such that the parties expect the

17  defendant will be transferred to the custody of the Department of Homeland Security for removal

18  proceedings following his release from the custody of the U.S. Marshals.

19    The parties agree on the following facts, based on reports and other discovery materials disclosed

20  in this case.  On August 24, 2023, the defendant was at the corner of 7th and Market Streets in San

21  Francisco, in an area known as the Tenderloin.  While at 7th and Market, from approximately 7:40 p.m.

22  to 7:53 p.m., he sold controlled substances to several individuals.  At 7:53 p.m., San Francisco Police

23  Department officers approached and tried to arrest him.  During the arrest, the defendant threw several

24  plastic baggies on the ground containing controlled substances that he was trying to sell.  The parties

25  agree that the plastic baggies the officers subsequently recovered from the sidewalk belonged to the

26  defendant.  The parties further agree that the substance inside one of these plastic baggies was later

27  tested by SFPD officers and found to contain 8 grams of fentanyl.  After being arrested, officers

28  searched the defendant and his belongings, and found additional drug trafficking materials, including

JOINT SENTENCING MEMORANDUM                    3
23-CR-315-EMC

1   $193 in cash.  The parties agree that this cash, and all the drugs recovered during the incident on August

2   24, 2023, are forfeitable.

3          After his arrest, the defendant was charged in San Francisco Superior Court.  He was

4   subsequently charged federally by complaint on September 12, made an initial appearance before the

5   Hon. U.S. Magistrate Peter H. Kang on September 13, and has agreed to remain in custody since then.

6   On September 19, 2023, he was arraigned on the instant information alleging possession of fentanyl

7   with intent to distribute.  In the Plea Agreement, the defendant acknowledges that he knew that one of

8   the substances in his possession was fentanyl, and that he possessed these substances intending to

9   distribute them to other individuals.  He admits to possessing fentanyl in violation of 21 U.S.C.

10  § 841(a)(1), (b)(1)(C) and acknowledges that a conviction in this case "makes it practically inevitable

11  and a virtual certainty that [he] will be removed or deported from the United States."  Plea Agreement,

12  ¶ 1.

13          **2.  *Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant***

14

15          The government submits that the Tenderloin, defined in the Plea Agreement to include the

16  historic Tenderloin District and much of the South of Market neighborhood, is in crisis.  Indeed, anyone

17  who has walked outside of this courthouse will agree with this assessment.  As the Court is well aware,

18  the proliferation of highly addictive, potent, and inexpensive synthetic controlled substances like

19  fentanyl and methamphetamine has exacted a crushing human toll in the Tenderloin.

20          The government further submits that the Tenderloin open-air drug market not only creates

21  suffering for its participants (including staggering amounts of overdoses and fatalities) but also dire

22  externalities for the people and families that live and work in the Tenderloin, as well as for San

23  Francisco itself.  The effects of the defendant's offense, considered as an individual act, are destructive;

24  the effects of the offense, considered in the aggregate, are catastrophic.

25          The amount of controlled substances at issue in this case was relatively small, resulting in a

26  Guideline range of 12-18 months, despite the defendant being in Criminal History Category III.  The

27  proposed sentence—of time served and a three-year term of supervised release with a highly-restrictive

28  geographic restriction—is a downward variance from that range, but one that the parties submit is

1    appropriate, for the following reasons.

2         From the government's perspective, in order for the defendant to receive this favorable plea

3    offer, the defendant waived detention and has been in continuous custody since arrest; the government

4    offered the defendant a time-served sentence in exchange for the defendant's agreement to promptly

5    plead guilty and proceed to sentencing (including waiving indictment) within weeks of arrest; the

6    defendant also agreed to be subject to a three-year term of supervised release that includes a strict stay-

7    away condition from the Tenderloin.  The defendant is on notice that a return to the Tenderloin (in

8    violation of the defendant's supervised release terms) will invite new charges or supervised release

9    violations.   This disposition results in a drug trafficking conviction within weeks of arrest (not months

10   or years), immediate separation of the defendant from the Tenderloin, and prevention of the defendant

11   from returning to the Tenderloin.  The speed at which this case moved will free up other government

12   resources to prosecute additional federal crimes, including in the Tenderloin.

13        **B.        The necessity of the proposed supervised release special conditions**

14        A three-year term of supervised release is required by statute for the drug-trafficking offense to

15   which the defendant has agreed to plead guilty, 21 U.S.C. § 841(b)(1)(C), and it is essential to this

16   disposition.  In particular, the special stay-away condition of release allows the government to

17   accomplish one of its primary goals related to protection of the public: to immediately separate drug

18   traffickers from the Tenderloin (given the defendant has remained in custody from the time of arrest)

19   and to effect a strict stay-away from the Tenderloin for three years.  Under the terms of supervised

20   release as contemplated herein, not only will the defendant be prohibited from engaging in any further

21   unlawful conduct, but the defendant will be prohibited from entering the Tenderloin without prior

22   approval by U.S. Probation:

23        Unless authorized by U.S. Probation, the defendant shall neither enter nor be present in
          the area in San Francisco bordered on the west by Van Ness Avenue, on the north by
24        Geary Street, on the east by Powell Street and 3rd Street, and on the south by Howard
          Street.
25
     Combined with a suspicionless search condition, to which the parties have also agreed, Section
26
     3553(a)'s goals of protection of the public and meaningful deterrence will be significantly advanced by
27
     the terms of this agreement, and this prosecution's impact on illicit drug trafficking in the Tenderloin
28

will be both immediate and sustained.  The stay-away condition is also necessary given the particular

circumstances of Tenderloin drug trafficking, where the Court has repeatedly encountered recidivism

from previously sentenced defendants, including those who have been removed from the country but

who nonetheless returned to sell controlled substances in the Tenderloin.  *See, e.g.*, *United States v. Luis*

*Almicar Erazo-Centeno*, 3:23-cr-00002-CRB; *United States v. Gamez-Arguilio*, 3:17-CR-00553-CRB.

On the facts of this particular case, under the § 3553(a) factors and given the provisions of the

Plea Agreement, the parties respectfully submit that the contemplated disposition here is sufficient but

not greater than necessary to accomplish the goals of § 3553(a).

### V.    CONCLUSION

For these reasons, the parties jointly recommend that the Court sentence the defendant to a

sentence of time served, to be followed by a term of supervised release of three years and the special

conditions agreed to by the parties in the Plea Agreement, including the stay-away condition.


DATED: October 2, 2023                                              Respectfully Submitted,


                                                                    ISMAIL J. RAMSEY
                                                                    United States Attorney


_____/s/_____                      ___/s/ S. Waqar Hasib_____
KARTHIK RAJU                                                S. WAQAR HASIB
Attorney for Franklin Daniel Hernandez-Cruz     Assistant United States Attorney